UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN BOYLE, an individual,<br><br>                                Plaintiff,<br><br>    v.<br><br>TEACHERS INSURANCE COMPANY; HORACE MANN PROPERTY & CASUALTY COMPANY; HORACE MANN INSURANCE COMPANY; and DOES I through X, inclusive,<br><br>                                Defendants. | Case No. 2:20-cv-00969-KJD-VCF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand to State Court (ECF #8). Defendants filed a response in opposition (ECF #11) to which Plaintiff replied (ECF #12).

I.      <u>Factual and Procedural Background</u>

In 2017 Plaintiff Kevin Boyle ("Boyle") was injured in a car accident. (ECF #1-1, at 3). Boyle was driving his car in his capacity as a driver for the ride share company Uber. <u>Id.</u> As Boyle attempted to enter the freeway, an uninsured driver collided with him and fled the scene of the accident. <u>Id.</u> Boyle's claim against Uber's uninsured motorist carrier ended in binding arbitration, in which Boyle was awarded $1,200,000. (ECF #8-1, at 2). The insurance carrier paid up to its policy limit of $1,000,000. (ECF #8, at 2). Boyle had his own uninsured motorist policy with Defendants at the time and applied for $50,000, the policy limit amount, from them. <u>Id.</u> Before filing suit, Boyle sent Defendants a written settlement demand for $50,000. <u>Id.</u> at 3. Boyle claims that this action is only for breach of contract, not tort, so the $50,000 policy limit is the amount in controversy. <u>Id.</u> at 4. Defendants argue that the complaint leaves the possibility of a bad faith tort claim open, which makes the amount in controversy much more than $50,000. (ECF #11, at 4). Boyle's complaint claims damages "in excess of Fifteen Thousand Dollars" and

prays for relief for "[c]ontractual damages in an amount to be shown at the time of trial," "reasonable attorney's fees," and "other and further relief as the Court deems just and proper." (ECF #1-1, at 4–5). Defendants argue that by praying for such damages in the complaint, and not asking for declaratory relief, Boyle is expecting damages greater than the policy limits and the statutory threshold. (ECF #11, at 4). Defendants also argue that because Boyle already obtained a judgment that was underpaid by $200,000, compensatory damages would include that amount and easily clear the $75,000 requirement. Id.

To support their argument, Defendants provided a redacted email between theirs and Boyle's counsel. (ECF #11-3). Two sentences remain unredacted and Defendants argue that they demonstrate Boyle's intent to seek bad faith damages. (ECF #11, at 3). In the email, Boyle states "I suggest you tender that amount asap, to mitigate the bad faith damages." (ECF #11-3, at 2). Boyle argues that the statement must be read within the context of the whole email, not as a stand-alone sentence. (ECF #12, at 3). Boyle submitted the unredacted email and argues that the purpose of that sentence, and the email as a whole, was to resolve the matter below the $75,000 statutory limit without any additional cost or judicial intervention. Id. Boyle claims that Defendants do not have any reason other than their own unsupported belief that removal was proper and ask this Court to grant attorney's fees for the time spent on the motion to remand. (ECF #8, at 5).

II.   Legal Standard

A defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over actions "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Id. at § 1332(a)(1). Generally, "courts apply a mechanical test to determine whether the amount in controversy requirement has been met when a case is removed to federal court." McCaa v. Mass. Mut. Life. Ins. Co., 330 F.Supp.2d 1143, 1145 (D. Nev. 2004). The court "simply reads the ad damnum clause of the complaint to determine whether the matter in controversy exceeds [$75,000]." Id. (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.

1997)).

If a complaint "specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." Id. (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996)). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1089 (9th Cir. 2003). Where a defendant's assertion of the amount in controversy is challenged "both sides submit proof and the court decides." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014). That proof is vital because federal "jurisdiction may [not] be maintained by mere averment." McNutt v. Gen. Motors Acceptance Corp., 398 U.S. 178, 189 (1936).

III.     Analysis

Defendants argue that Boyle's complaint leaves the door open for potential tort damages in addition to the breach of contract claim. Defendants assert that the amount in controversy meets the $75,000 threshold when combining the possibility of tort damages with Boyle's prayer for relief of damages in excess of $15,000 to be determined at trial. However, Boyle's claim does not allege facts supporting a bad faith claim. The four-page complaint merely addresses jurisdiction, discusses the accident, describes the injury, identifies Boyle's insurance policy, and states that Boyle was entitled to underinsured and/or uninsured motorist benefits from Defendants. Boyle did not allege that Defendants acted in bad faith in refusing to pay. In fact, the complaint does not even state that Defendants refused to pay the claim, only that Boyle is entitled to coverage. Defendants appeared to understand that this was a contract claim because their motion to dismiss states that Boyle brought the action "seeking damages for breach of contract." (ECF #1, at 3). Nowhere in Defendants' motion to dismiss do they mention anything other than a breach of contract claim. That evidence, combined with Boyle's settlement demand of the $50,000 policy limit, is evidence that the amount in controversy does not exceed the statutory threshold.

Defendants offered a redacted email as evidence that Boyle intends to seek bad faith

damages in addition to the breach of contract claim. The email mentions that Defendants' adjuster may not have met their fiduciary duty and recommends tendering the statutory limit amount to mitigate the bad faith damages. However, the email does not threaten to bring a bad faith claim against Defendants. The language of the complaint does not allege any bad faith or tortious conduct against Defendants or their employees. Defendants' assertion is speculative and is not supported by a preponderance of evidence.

Defendants' final argument is that the compensatory damages Boyle seeks exceed $200,000. Defendants claim that because Boyle obtained an arbitration award against Uber's insurer for $1,200,000 but only received payment of $1,000,000, the $200,000 difference is a compensatory damage. Therefore, because Boyle requested compensatory damages to be proven at trial, the $200,000 must be part of the calculation. However, the case Defendants cite is a California case finding that bad faith actions may exceed policy limits. Boyle has not pleaded a bad faith claim in this action. It is a breach of contract claim and Defendants' case is unpersuasive.

Boyle's complaint states that he reserves the right to amend the complaint to include all items of damage not yet ascertained. The Court does not interpret that language as evidence that Boyle will amend to add a bad faith claim. Boyle will have to abide by the same procedural rules regarding removal as everyone else and this line in his complaint does not change that. If he were to amend, add a bad faith claim, and create diversity jurisdiction, Defendants could then remove the action. At this moment, the complaint's language alleging a contract claim, combined with Boyle's demand for the $50,000 policy limit, is evidence that the amount in controversy is below the statutory threshold.

Defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because there is doubt as to the right to removal, the case must be remanded. While remand may be proper, the Court will not award Boyle attorney's fees. An order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the

removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Defendants provided evidence to show that they had a reasonable basis for removal. It is not unreasonable to read Boyle's counsel's email to Defendants' counsel as an indicator that Boyle might be seeking bad faith damages. If the Court agreed, then the amount in controversy would have exceeded the statutory threshold and removal would have been proper. Because Defendants had a reasonable basis for removal, attorney's fees are denied.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF #8) is **GRANTED**.

IT IS FURTHER ORDERED that the case be remanded to the Eighth Judicial District Court of Nevada.

Dated this 26th day of February, 2021.

_____
Kent J. Dawson
United States District Judge